FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cmurray at 1:30 pm, Feb 22, 2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Waycross Division

| | |
|---|---|
| IN RE:<br>JOEL CLAYREEN HICKOX,<br>    Debtor<br><br>_____<br><br>AMERICREDIT FINANCIAL<br>SERVICES INC.<br>    Creditor,<br>        Plaintiff<br><br>vs.<br><br>JOEL CLAYREEN HICKOX<br>    Debtor,<br>        Defendant | ) Chapter 13 case<br>) No. <u>07-50384</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OPINION AND ORDER ON OBJECTION TO CONFIRMATION

This matter is before me on the objection to confirmation of the chapter 13 plan ("Plan") of Joel Clayreen Hickox by AmeriCredit Financial Services Inc. ("AmeriCredit") on the ground that Hickox's Plan improperly provides for the surrender of a 2003 GMC Sonoma ("Sonoma") in full satisfaction of AmeriCredit's claim. AmeriCredit contends that this provision of the Plan prevents it from asserting an unsecured claim against Hickox for any

deficiency remaining after the sale of the Sonoma. AmeriCredit's objection to confirmation is OVERRULED. However, the effect of this provision of the Plan does not bar AmeriCredit from seeking reconsideration of its claim. 11 U.S.C. § 502(j).[1] This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

## Factual Background

On May 31, 2007, Hickox filed his chapter 13 bankruptcy case. On that same date, Hickox filed his Plan, which provides for the surrender of the Sonoma to AmeriCredit in full satisfaction of its secured claim, which AmeriCredit filed in the amount of $15,629.58.

On June 13, 2007, AmeriCredit filed its objection to confirmation, contending that under applicable Georgia law, AmeriCredit may pursue an unsecured deficiency claim. (See Dkt. No. 18). On that same date, AmeriCredit filed for relief from the automatic stay to repossess and sell the Sonoma in accordance with Georgia law. (See Dkt. No. 19). On September 7, 2007, I entered an order granting

---

[1] Section 502(j) provides in pertinent part:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case . . . .

AmeriCredit relief from the automatic stay. AmeriCredit subsequently sold the Sonoma for $4,500. On November 13, 2007, AmeriCredit filed an amended proof of claim in the amount of $11,949.26(unsecured), reflecting a deficiency balance after the sale.

It is undisputed that AmeriCredit had a purchase money security interest in the Sonoma, purchased for the personal use of Hickox within 910 days before the filing of his bankruptcy petition.

## Discussion

At issue is the effect of the unnumbered paragraph at the end of § 1325(a)(9),[2] the so called "hanging paragraph," on AmeriCredit's ability to seek allowance of an unsecured claim for the deficiency after the Sonoma was sold following surrender under § 1325(a)(5)(C).[3]

---

[2] All references to the Bankruptcy Code refer to the Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

[3] Section 1325(a)(5) provides that "with respect to each allowed secured claim provided for by the plan," one of three requirements must be satisfied before the Plan may be confirmed:

> (A) the holder of such claim has accepted the plan;
> (B)(i) the plan provides that-
>     (I) the holder of such claim retain the lien
>     securing such claim . . .
> (C) <u>the debtor surrenders the property securing such claim to such holder</u>.

## I. Hanging Paragraph

The hanging paragraph states in relevant part:

> For purposes of paragraph (5) [§ 1325(a)(5)], <u>section 506 shall not apply</u> to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day[sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle acquired for the personal use of the debtor . . . .

11 U.S.C. § 1325(a)(5)(*) (emphasis added).

Section 506(a)(1) provides in pertinent part:

> [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest . . . .

11 U.S.C. § 506(a)(1).

To fall within the purview of the hanging paragraph, a claim secured by a motor vehicle must meet the following three conditions: (1) the creditor has a purchase money security interest; (2) in a motor vehicle acquired for the debtor's personal use; and (3) the debt secured by the motor vehicle was incurred within 910 days of the filing of the petition. 11 U.S.C. § 1325(a)(5)(*). The parties do

---

11 U.S.C. § 1325(a)(5)(A)-(C) (emphasis added). In accordance with § 1325(a)(5)(C), Hickox surrendered the Sonoma.

not dispute that AmeriCredit's claim (the "910 Claim") is subject to all three conditions described in the hanging paragraph. The parties do, however, dispute whether the applicability of the hanging paragraph to § 1325(a)(5)(C) extinguishes AmeriCredit's right under non-bankruptcy law to pursue an unsecured claim. This question is an issue of first impression in this district.

Courts are divided on the effect of the hanging paragraph when a debtor surrenders a motor vehicle pursuant to § 1325(a)(5)(C). A majority of courts hold that a debtor can use § 1325(a)(5)(C) to surrender a motor vehicle in full satisfaction of a secured creditor's claim and that the hanging paragraph precludes the creditor from filing an unsecured claim resulting from any deficiency that may remain after the liquidation of the motor vehicle. See, e.g., Capital One Auto Fin. v. Osborn (In re Osborn), 363 B.R. 72 (8th Cir. 2007); Quick v. DaimlerChrysler Fin. Svcs. Ams. (In re Quick), 371 B.R. 459 (10th Cir. B.A.P 2007); In re Moon, 359 B.R. 329 (Bankr. N.D. Ala. 2007); In re Brown, 346 B.R. 868 (Bankr. N.D. Fla. 2006); In re Vanduyn, 374 B.R. 896 (Bankr. M.D. Fla. 2007); In re Evans, 349 B.R. 498 (Bankr. E.D. Mich. 2006); In re Maggett, 2006 Bankr. LEXIS 2756, (Bankr. D. Neb. 2006); In re Pinti, 363

B.R. 369 (Bankr. S.D.N.Y. 2007); <u>In re Ezell</u>, 338 B.R. 330 (Bankr. E.D. Tenn. 2006); <u>In re Durham</u>, 361 B.R. 206 (Bankr. D. Utah 2006).

A minority of courts, however, hold that once a chapter 13 debtor surrenders a motor vehicle under § 1325(a)(5)(C), the hanging paragraph does not preclude a creditor from asserting an unsecured deficiency claim. See, e.g., <u>Wells Fargo Fin. Acceptance v. Rodriguez (In re Rodriguez)</u>, 375 B.R. 535 (9th Cir. B.A.P. 2007); <u>In re Leaks</u>, 2006 Bankr. LEXIS 3673 (Bankr. N.D. Ga. 2006); <u>Slocum v. AmeriCredit Fin. Serv. (In re Slocum)</u>, 2007 U.S. Dist. LEXIS 45719 (N.D. Ga. 2007); <u>Silvers v. Well Fargo Auto Fin. (In re Silvers)</u>, 2007 U.S. Dist. LEXIS 45718 (N.D. Ga. 2007); <u>In re Particka</u>, 355 B.R. 616 (Bankr. E.D. Mich. 2006).

This is a claim allowance issue under § 502; not a claims classification issue under § 506. For the reasons that follow, I join the minority of courts and conclude that the hanging paragraph does not preclude AmeriCredit from pursuing an unsecured deficiency claim.

## II. AmeriCredit's Deficiency Claim

Surrender of collateral necessarily satisfies an allowed secured claim. See Davis-McGraw, Inc. v. Johnson (In re Johnson), 247 B.R. 904, 908 (Bankr. S.D. Ga. 1999). This was true pre-BAPCPA, and the analysis remains the same now, regardless of the hanging paragraph. As I held in In re Brown, the hanging paragraph "means only that the claims it describes cannot be bifurcated into secured and unsecured portions under § 506(a)." 339 B.R. at 820. The applicability of the hanging paragraph is therefore of no consequence to the satisfaction of the creditor's allowed secured claim through surrender pursuant to § 1325(a)(5)(C).

Following surrender of the collateral, the creditor will repossess the collateral, liquidate it, and apply the foreclosure sale proceeds to its debt. If the foreclosure sale proceeds do not satisfy the debt, the creditor may pursue a deficiency. In re Rodgriguez, 375 B.R. at 546-47. In the context of a chapter 13 case, as here, following surrender under § 1325(a)(5)(C) and liquidation under applicable non-bankruptcy law, AmeriCredit may, pursuant to §502 (j), seek to have its satisfied secured claim of $15,659.58 reconsidered and allowed as a general unsecured

claim of $11,946.26, the amount of debt AmeriCredit now contends remains due.

The hanging paragraph is of no consequence in making a determination as to what circumstances must exist to warrant reconsideration under §502 (j) of the creditor's previously allowed claim. Cause to reconsider exists where the surrender fails to satisfy the pre-petition debt. There may be equitable and legal challenges to this reconsideration, but an unsecured claim barred by the hanging paragraph is not one of them.[4] See Baxter v. Sys. &

---

[4] Some of those challenges may include the notice requirements with which the creditor must comply following the repossession of the collateral. Under Georgia law, when the secured creditor repossesses a motor vehicle

> after default in accordance with Part 6 of Article 9 of Title 11 [Georgia Code], the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. The notice shall also advise the buyer of his or her rights of redemption, as well as his or her right to demand a public sale of the repossessed motor vehicle .
> . . .

O.C.G.A. § 10-1-36(a).

In addition, Georgia law requires that after default, "a secured party may sell . . . or otherwise dispose of any or all of the collateral . . . following any commercially reasonable preparation or processing." O.C.G.A. § 11-9-610(a). Georgia law also provides that

> every aspect of a disposition of collateral, including the method, manner, time, plan, and other terms, must be commercially reasonable. If commercially reasonable, a secured party may dispose of collateral by public or

Servs. Techs. (In re Dykes), 287 B.R. 298 (Bankr. S.D. Ga. 2002).

## Conclusion

As I previously held in In re Brown, the hanging paragraph merely operates to prevent bifurcation of a 910 Claim held by the creditor. Nothing in the hanging paragraph prevents the creditor holding a 910 Claim from seeking a deficiency after the foreclosure sale of the vehicle following surrender. After the sale of the vehicle, the creditor may seek to have its previously allowed and satisfied secured claim reconsidered under § 502(j).

---

   private proceedings, by one or more contracts, as a unit
   or in parcels, and at any time and place and on any terms.

O.C.G.A. § 11-9-610(b). A disposition of collateral is made in a commercially reasonable manner if the disposition is made:

   (1)   In the usual manner on any recognized market;
   (2)   At the price current in any recognized market
         at the time of the disposition; or
   (3)   Otherwise in conformity with reasonable
         commercial practices among dealers in the type
         of property that was the subject of the
         disposition.

O.C.G.A. § 11-9-627(b); see also, e.g., Granite Equip. Leasing Corp. v. Marine Dev. Corp., 139 Ga. App. 778 (Ga. Ct. App. 1976)(if the secured creditor does not dispose of the collateral in a commercially reasonable manner, there can be no recovery of any deficiency between the sale price and the unpaid balance)(decided under former O.C.G.A. § 11-9-504).

9

It is therefore ORDERED that AmeriCredit's objection to confirmation is OVERRULED. AmeriCredit may by motion seek reconsideration of its previously allowed secured claim satisfied by surrender subject to objection by any party in interest.

_____
John S. Dalis
United States Bankruptcy Judge

Dated at Brunswick, Georgia
This 21st day of February, 2008